William H. BENZEL, Plaintiff–Appellant,

v.

VALLEY NATIONAL BANK OF ARIZONA, Defendant–Appellee.

No. 79–3052.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 12, 1980.

Decided Dec. 15, 1980.

Grady Gammage, Jr., Phoenix, Ariz. (argued), Roxana C. Bacon, Jennings, Strouss & Salmon, Phoenix, Ariz., on brief, for plaintiff–appellant.

William R. Hayden, Snell & Wilmer, Phoenix, Ariz., for defendant–appellee.

Before SCHROEDER and FARRIS, Circuit Judges, and HARRIS *, District Judge.

OREN HARRIS, Senior District Judge.

William H. Benzel appeals from an order of the District Court granting summary judgment and dismissal of his age discrimination complaint against Valley National Bank of Arizona (VNB). Appellant urges that the District Court erred in granting summary judgment as to allegations of pre–termination discrimination and in holding that § 4(f)(2) of the Age Discrimination in Employment Act [29 U.S.C. § 623(f)(2)] exempted his involuntary retirement from the protections of the Act.

█ We conclude from the record on appeal that the District Court was in error in dismissing the complaint as to the allegations of pre–termination discrimination. Summary judgment is appropriate only where it is demonstrated on the face of the pleadings, affidavits or discovery materials in the record that there are no genuine issues of fact, *U. S. v. Dibble*, 429 F.2d 598 (9 Cir. 1970). There is nothing in the record which controverts the factual allegations of the complaint as to pre–termination age discrimination. Summary judgment was, therefore, erroneous as to those allegations.

Appellant was employed at VNB from November 16, 1959, until his retirement at age 61 on April 29, 1977. Mr. Benzel was between ages 40 and 65, the class of persons protected by the Age Discrimination in Employment Act (ADEA or Act), 29 U.S.C. §§ 621 et seq., at the time of termination of his employment.

It is undisputed that Mr. Benzel desired to continue in his employment with VNB. He submitted the request for early retirement only when told that he would be fired should he refuse to do so. Firing would have precluded his receiving benefits under the VNB retirement plan, as well as the one year's salary severance pay and other extra benefits offered as an inducement to retirement. The VNB retirement plan does not contain a provision authorizing VNB to force involuntary retirement.

We must view the record in the light most favorable to Mr. Benzel on review of a grant of summary judgment, *Marshall v. Hawaiian Telephone Co.*, 575 F.2d 763 (9 Cir. 1978). We find nothing in the affidavit and other materials submitted in support of the motion which would refute the allegations of fact contained in the complaint and in Mr. Benzel's own affidavit. These allegations are sufficient to raise a genuine issue of fact, whether the termination of his employment was involuntary and on account of his age. ADEA provides that it is unlawful for an employer to discharge any individual within the protected ages because of his age. 29 U.S.C. § 623(a)(1).

VNB relies upon § 4(f)(2) of the Act, as it existed at the time of the termination and prior to the 1978 Amendments to ADEA, wherein it was provided that it shall not be unlawful for an employer to "observe the terms of" any bona fide retirement plan. VNB contends that this section, as construed by the Supreme Court in *United Air Lines v. McMann*, 434 U.S. 192, 98 S.Ct. 444, 54 L.Ed.2d 444 (1977), and by this Court in *Marshall v. Hawaiian Telephone Co., supra,*

* The Honorable Oren Harris, Senior District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

exempts every involuntary retirement from ADEA so long as substantial benefits are paid to the employee under a bona fide retirement plan.

 The Courts of Appeals for the Fourth and Seventh Circuits, *EEOC v. Baltimore & Ohio R. R. Co.*, 632 F.2d 1107 (1980) (4 Cir. 1980); *Sexton v. Beatrice Foods Co.*, 630 F.2d 478 (1980) (7 Cir. 1980), have considered this contention and have held that former § 4(f)(2) does not afford an exemption to ADEA where, as here, the retirement plan does not contain a provision for involuntary retirement. It is made clear in the 1978 Amendments to ADEA that it was not the intent of Congress to afford such an exemption, even when expressly provided for in a plan. We join in concluding that *McMann* should not be extended to apply to plans not containing a provision for involuntary retirement.

We conclude that the District Court erred in granting summary judgment on the basis of former § 4(f)(2).

Reversed and remanded for further proceedings not inconsistent with this opinion.