Joseph R. ALDENDIFER, Sam S. Bickford, Robert M. Powers, Appellants,

v.

CONTINENTAL AIR LINES, INC., Appellee.

No. 79–3104.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 1980.

Decided Jan. 23, 1981.

As Modified Feb. 17, 1980.

Rehearing and Rehearing En Banc Denied April 15, 1981.

Colleen O'Connor, Equal Employment Opportunity Comm., Washington, D. C., Raymond C. Fay, Haley, Bader & Potts, Chicago, Ill., for appellants.

William F. Spalding, Gibson, Dunn & Cruthcher, Los Angeles, Cal., for appellee.

Before GOODWIN and SKOPIL, Circuit Judges, and MURPHY,* Senior District Judge.

GOODWIN, Circuit Judge.

Three airline pilots appeal from the dismissal of their action brought under the Age Discrimination in Employment Act [ADEA], 29 U.S.C. § 621 et seq. We affirm.

Aldendifer, Bickford and Powers (the "Pilots") worked for Continental Air Lines for approximately 35 years. They served for many years as Captain, or pilot–in–command. Continental's aircraft carry a three–person cockpit crew: a Captain; a First Officer (second–in–command or co–pilot); and a. Second Officer (third–in–command). FAA regulations, 14 C.F.R. § 121.-383(c), prohibit certified commercial passenger airlines from using Captains or First Officers over age 60. This rule does not apply to Second Officers.

All Continental pilots "bid" for their choice of seat assignment (Captain, First Officer, or Second Officer), flight route, and aircraft model for every flight; the senior bidder prevails. In April 1976, just before their 60th birthdays, the Pilots each attempted to "downbid" for the position of Second Officer. Continental rejected their bids. The Pilots all reached age 60 in May

1976, and all were involuntarily retired on June 1, 1976, under pension plans designating age 60 as the "normal" retirement age.

The Pilots brought this action in April 1978, alleging that Continental denied their bids to Second Officer and forced them to retire in violation of ADEA Section 4(a)(1), 29 U.S.C. § 623(a)(1). At trial, Continental responded that it rejected the bids for safety reasons. Continental's only witness, the Vice President for Pilot Operations for Continental Air Lines, testified that the presence in the cockpit of Second Officers with considerably more command experience than the Captain could dilute the junior Captain's command authority during a crisis and weaken cockpit discipline.

The district court entered judgment for Continental. The court concluded that Continental's actions fell within the Section 4(f)(1) and (2) exceptions to the ADEA, 29 U.S.C. § 623(f)(1) and (2), holding that (1) the retirement plan required mandatory retirement at age 60, or alternatively permitted involuntary age 60 retirement at Continental's option; and (2) safety reasons justified rejecting the Pilots' bid to Second Officer, either as a reasonable factor other than age, or because safety considerations made age a bona fide occupational qualification.

ADEA Section 4(a)(1) makes it unlawful for an employer

"[T]o discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age;" 29 U.S.C. § 623(a)(1)

The ADEA covers individuals between ages 40 and 65, 29 U.S.C. § 631, but does not prohibit all forced retirements prior to age 65. The version of Section 4(f)(2) in effect at the time the Pilots retired in 1976 provided in pertinent part that

"(f) It shall not be unlawful for an employer . . . or labor organization—

.    .    .    .    .

* The Honorable Thomas F. Murphy, Senior United States District Judge for the Southern District of New York sitting by designation.

(2) to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension or insurance plan, which is not a subterfuge to evade the purposes of this chapter, .... " 29 U.S.C. § 623(f)(2).

In *United Air Lines, Inc. v. McMann,* 434 U.S. 192, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977), the Supreme Court held that Section 4(f)(2) applies to retirement plans that require the mandatory retirement of plan members at a designated age. The United plan set age 60 as its "normal retirement age." However, United uniformly required the retirement of all covered personnel at age 60. The Court concluded that

> "The employee has no discretion whether to continue beyond the 'normal' retirement age. United legally may retain employees such as McMann past age 60, but it has never done so: its policy has been to retire all employees at the 'normal' age. Given these facts, we concluded that *for the purposes of this decision, the plan should be regarded as one requiring retirement at age 60 rather than as one permitting it at the option of the employer.*" (Emphasis in the original.) 434 U.S. at 196, 98 S.Ct. at 447 (quoting from the Fourth Circuit's opinion in *McMann v. United Air Lines, Inc.,* 542 F.2d 217, 219 (4th Cir. 1976).)

The Pilots' contention that their pension plan does not require mandatory retirement for cockpit personnel at age 60 is not persuasive in light of *McMann.* The plan does not expressly provide for mandatory retirement at age 60, but it does designate age 60 as the "normal retirement age." The Pilots observe that the original version of an explanatory booklet distributed to all plan members describes retirement at age 60 as "voluntary". The booklet, however, was updated in 1966 and no longer contains this

information. Moreover, Continental has rejected the bids of ten pilots who previously attempted to downbid to Second Officer at age 60. Twenty–one of twenty–three pilots covered by the plan retired at age 60. Those that continued working served exclusively in management positions pursuant to plan provisions for post–60 retirement.

■ On the basis of the specific terms of the pension plan and Continental's uniform retirement practices, we conclude that the district court's ruling that the Pilots' retirement plan provided for mandatory retirement of cockpit personnel at age 60 was not clearly erroneous. We need not, therefore, determine whether Continental rejected the Pilots' downbids because of reasonable factors other than age, or age as a bona fide occupational qualification under 29 U.S.C. § 623(f)(1), and we express no opinion concerning the district court's analysis of this question.

■ The Pilots contend in the alternative that Continental's actions violated the 1978 amendment to ADEA Section 4(f)(2),[1] which prohibit mandatory retirement pursuant to a bona fide pension plan solely on the basis of age. This argument lacks merit. The 1978 amendment does not apply retroactively. *Equal Employment Opportunity Com'n v. Shell Oil Co.,* 637 F.2d 683 (9th Cir. 1981); *Jensen v. Gulf Oil Corp.,* 623 F.2d 406 (5th Cir. 1980); *Smart v. Porter Paint Co.,* 630 F.2d 490 (7th Cir. 1980); *Sikora v. American Can Co.,* 622 F.2d 1116 (3d Cir. 1980); *Marshall v. Delaware River & Bay Authority,* 471 F.Supp. 886 (D.Del. 1979).

The judgment of the district court is affirmed.

### Order

In a petition for rehearing the appellants argue that *Benzel v. Valley National Bank*

---

1. ADEA Section 4(f)(2), 29 U.S.C. § 623(f)(2), as amended in 1978, provides in pertinent part that it shall not be unlawful for an employer

    "(2) to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension or insurance plan, which is not a subterfuge to evade the purposes of this chapter, except

    that no such employee benefit plan shall excuse the failure to hire any individual, and no such seniority system or employee benefit plan shall require or permit the involuntary retirement of any individual specified by section 631(a) of this title because of the age of such individual; ...."

*of Arizona,* 633 F.2d 1325 (9th Cir. 1980), compels a different result. The two cases, however, have nothing in common except the age discrimination statute. *Benzel* reversed a summary judgment because material questions of fact remained to be decided. Therefore the *Benzel* court could not hear evidence as to uniform retirement practices, whether the plan had a "normal" retirement date, or whether plaintiffs were forced to retire at one of several retiremenet ages designated in the plan. The decision in this case affirmed a judgment after a trial in which it was established that the retirement plan for all practical purposes was involuntary as applied to cockpit crews and that the differences between the facts in this case and those in *United Airlines, Inc. v. McMann,* 434 U.S. 192, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977), were so insubstantial as to be meaningless.

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.